UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ASIA L. DORSEY, | ) |
| Petitioner, | ) |
| v. | ) Nos.: 3:11-CR-77-TAV-HBG |
| | )       3:12-CV-277-TAV |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Petitioner Asia L. Dorsey ("Petitioner"), over the course of several transactions, sold a total of 79.9 grams of cocaine base ("crack") to a confidential informant who was working with law enforcement officers [Doc. 15].[1] She was then charged with five counts of selling the drugs [Doc. 3]. Petitioner subsequently pleaded guilty to one count of distribution of crack [Doc. 17]. The Court sentenced Petitioner, a career offender, to a below-Guidelines term of 168 months' imprisonment, followed by six years of supervised release [Doc. 32]. The Court dismissed the remaining four counts on the government's motion to dismiss them [*Id.*].

Petitioner did not appeal her conviction or sentence. Petitioner, however, filed a § 2255 motion, which she supplemented [Docs. 36, 38].[2]

The Government moved to dismiss the § 2255 motion, on the ground that the motion was barred by Petitioner's plea agreement [Doc. 37]. Petitioner responded by filing a motion, in which

---

[1] All references are to documents in Case No. 3:11-CR-77-TAV-HBG.

[2] Petitioner's first filed § 2255 motion [Doc. 33] was unsigned, and the Court ordered that it be re-filed [Doc. 34].

she asked that the § 2255 motion be dismissed without prejudice [Doc. 43].[3] Two weeks later, on February 21, 2013, Petitioner filed a new motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence [Doc. 44]. Petitioner then filed an "amended" motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence on November 12, 2014 [Doc. 47]. This filing is actually a supplement to the § 2255 motion, and must be considered by the Court as an effort to add new claims beyond the time period for the filing of claims. The Government responded to the § 2255 motion on September 14, 2015 [Doc. 54].

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

I.  **PETITIONER'S CLAIMS**

Petitioner presents three claims in her § 2255 motion: (1) her attorney was ineffective, for several reasons; (2) the application of the career-offender guideline violated her due process rights; and (3) the application of the enhanced penalty range under § 841(b)(1)(c) violated her Sixth Amendment rights in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

---

[3] The Court granted this request and dismissed the § 2255 motion without prejudice [Doc. 51].

2

Case 3:11-cr-00077-TAV-HBG   Document 55   Filed 09/30/15   Page 2 of 9   PageID #: 242

It is the opinion of this Court that none of these claims warrant relief. As a threshold matter, all of Petitioner's claims, except for the claim of ineffective assistance of counsel, are procedurally defaulted, because Petitioner could have raised them on direct appeal, but did not. "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."); *accord United States v. Frady*, 456 U.S. 152, 167–68 (1982). The "hurdle" that a petitioner faces to excuse procedural default is "intentionally high . . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner has not alleged her actual innocence, nor has she established any good cause and prejudice as to her claims, which should therefore be dismissed.

### A. Two of Petitioner's Claims Are Time-Barred

The Government argues, and the Court agrees, that two of the Petitioner's § 2255 claims are time-barred. A one-year period of limitation applies to § 2255 motions. 28 U.S.C. § 2255(f). That period typically runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1); *accord Dodd v. United States*, 545 U.S. 353, 357 (2005). For purposes of the limitation period, an unappealed district court judgment of conviction becomes final when the time for filing a direct appeal has elapsed. *Sanches-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004).

Petitioner's judgment was entered on February 16, 2012 [Doc. 32]. Petitioner's conviction became final on March 1, 2012. *See* Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . judgment . . . ."). Therefore, the § 2255 limitation period in this case ended on March 1, 2013, over eighteen months prior to the date, November 12, 2014, on which Petitioner filed the supplement to her second § 2255 petition [Doc. 47]. The two sentencing challenges which Petitioner raises in that supplement are untimely under § 2255(f)(1).

The Court, however, must consider whether the untimely claims nonetheless relate back to the timely filed ineffective-assistance of counsel claims in Petitioner's § 2255 petition. To relate back to her timely filed claims, Petitioner's supplemental claims would need to be based on the "same core facts" relied upon in the timely-filed petition. *Mayle v. Felix*, 545 U.S. 644, 657 (2005). However, Petitioner's sentencing claims—a due process challenge to her Guidelines' career-offender enhancement and a Sixth Amendment challenge to the enhanced statutory penalty range—are completely unrelated to the errors that she alleges counsel made in her § 2255 motion. In order to relate back, it is not enough if the claim merely arises from the same trial, conviction, or sentence. *Mayle*, 545 U.S. at 657; *see also Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1001–02 (6th Cir. 2006) (holding that several claims in a motion to amend were time-barred and unreviewable because they did not "share a factual basis with any of the [timely-filed] claims"). The claims clearly do not relate back, as they are not based on the same core facts as the § 2255 motion.

The Court also must consider 28 U.S.C. § 2255(f)(3), which resets the one-year limitation period for claims asserting a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Alleyne* established a new constitutional rule of criminal procedure whereby "any fact that increases the mandatory minimum

4

is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155 (emphasis added). The Court finds, however, that this rule does not affect Petitioner, because her statutory minimum sentence was never changed. Further, the Court agrees with the Government that the *Alleyne* rule is procedural, not substantive. Therefore, it is not retroactively applicable to cases that became final before *Alleyne* was announced. *In re Mazzio*, 756 F.3d 487, 490 (6th Cir. 2014). Petitioner's claim falls into this category.

### B. In Addition To Being Time-Barred, The Claims Lack Merit

Finally, the Court finds that even if these claims were not time-barred, they are without merit. First, the Petitioner qualifies as a career offender under the plain language of the Guidelines. The Guidelines defines "career offender" as an adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a). A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). Petitioner has two prior Tennessee drug convictions that satisfy that definition. (PSR at ¶¶ 39, 42.) *See, e.g.*, *United States v. Douglas*, 563 F. App'x 371, 378 (6th Cir. 2014) (affirming that Tenn. Code. Ann. § 39-17-417—the statute involved in each of Petitioner's prior convictions—is "a categorical controlled substance offense"). Therefore, Petitioner properly was designated as a career offender for purposes of calculating her advisory Guidelines range.

5

Second, Petitioner's statutory penalty range was not impermissibly enhanced in light of *Alleyne*. Under *Alleyne*, any fact that increases the statutory penalty range for an offense must be treated as an "element" of the offense. It must be submitted to the jury for decision. However, the Court in *Alleyne* further stated that "the fact of a prior conviction" remains an exception to the general prohibition of judicial factfinding. *Id.* at 2160 n.1 (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)); *accord Descamps v. United States*, 133 S. Ct. 2276, 2288 (2013) (confirming that the judicial determination of a defendant's prior convictions for purposes of applying a statutory sentencing enhancement is consistent with the Sixth Amendment). In the present case, the enhanced 21 U.S.C. § 841 (b)(1)(C) thirty-year statutory maximum was only applied based on the fact of Petitioner's prior drug convictions. Therefore, there was no violation of the *Alleyne* holding.

### C. The Ineffective Assistance Of Counsel Claim Lacks Merit

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1987). *See also Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, a petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," as measure by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and the Petitioner bears the burden of showing otherwise. *Mason v. Mitchell,* 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland¸* 466 U.S. at 689 (a reviewing Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy" (citation omitted)).

6

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

The Court finds that Petitioner has not satisfied *Strickland*'s two-part standard here. Petitioner alleges that her counsel was constitutionally ineffective by (a) not explaining facts and law relevant to her plea agreement, (b) not sufficiently investigating Petitioner's case, vaguely stated by Petitioner as "infractions of the law committed by the arresting officers"; (c) not introducing mitigation evidence at sentencing; and (d) not consulting with Petitioner "about her PSR." The Court finds that Petitioner has failed to allege any facts to support these claims. Therefore, these claims could be dismissed as inadequately developed. *See Wogenstahl v Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012) (stating that "merely conclusory allegations of ineffective assistance are insufficient to state a constitutional claim."); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that where "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review"); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (stating that "[c]onclusions, not substantiated by allegations of fact with some probability of veracity, are not sufficient to warrant a

7

hearing," must less relief); *accord United States v. Roach*, 502 F.3d 425, 442 (6th Cir. 2007) (deeming undeveloped claims unreviewable).

In addition to being inadequately developed, the Court finds that these claims of ineffective assistance of counsel plainly lack merit. First, Petitioner's plea agreement, which she signed, states that she faced a potential sentence of "up to thirty years' imprisonment" [Doc. 15]. Moreover, the Court reviewed with Petitioner the ramifications of her guilty plea and the potential penalties she would face during the plea colloquy. The Court determined that Petitioner was pleading guilty knowingly and voluntarily [Doc. 17]. Also at sentencing, the Court reminded Petitioner that she faced a maximum potential sentence of thirty years' imprisonment based upon her guilty plea, and that her two prior drug convictions could result in an enhanced advisory Guidelines range [Doc. 39]. Petitioner unequivocally acknowledged and accepted the potential consequences of her guilty plea before the Court [Doc. 39].

Second, as to counsel's alleged failure "to investigate," Petitioner has not alleged what such an investigation would have uncovered, let alone demonstrated, that the results of such an investigation would have led to a different outcome in her case. In her plea agreement, Petitioner admitted that she sold crack cocaine to a confidential informant six times in 2010 and 2011 [Doc. 15]. Petitioner also admitted this during her plea colloquy before the Court [Doc. 37]. Conversely, Petitioner has presented no factual support whatsoever for her vague allegation that the arresting officers in her case committed "infractions of the law."

Third, Petitioner does not specify in any way the alleged mitigating evidence not presented at sentencing, or how it could have resulted in a different sentence. At sentencing, Petitioner's counsel did present mitigating evidence in the form of Petitioner's attempt to assist law enforcement officials, her troubled upbringing, and the allegedly minor nature of her prior drug convictions

8

[Doc. 39]. And this did insure to the benefit of Petitioner, as the Court concluded that a below-Guidelines term of 168 months' imprisonment was sufficient, but no greater than necessary to achieve the 18 U.S.C. § 3553(a) sentencing purposes in Petitioner's case.

Fourth, Petitioner's bald assertion that her counsel "never consulted" with her about her Pre-Sentence Report is directly contradicted by the Petitioner's testimony at sentencing:

> THE COURT: Ms. Dorsey, have you received and had the opportunity to read and discuss the pre-sentence report in this case with your attorney?
> MS. DORSEY: Yes, your Honor.
> THE COURT: Mr. Lutton, [Defense Counsel] have you received the pre-sentence report in this case and reviewed it with Ms. Dorsey?
> MR. LUTTON: Yes, your Honor.
> THE COURT: . . . does the Defendant have any objections to the pre-sentence report?
> MR. LUTTON: No, your Honor.

[Doc. 39 at pp. 5–6].

There is simply no basis for the Court to conclude that Petitioner's counsel did not review the pre-sentence report with Petitioner prior to sentencing. This claim lacks merit.

## II. CONCLUSION

The Court finds that because all of the claims presented in the motion and the amended motion [Docs. 44, 47] lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. Accordingly, a judgment will enter **DENYING** the motion and the amended motion [Docs. 44, 47].

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

9