UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 3:11-CR-77-TAV-HBG |
| | ) |
| ASIA L. DORSEY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant requests compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 69]. However, defendant has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to the Court's consideration of the merits of her request.[1] While she apparently submitted a request for compassionate release to the warden of her facility (FPC Alderson), defendant did not bring the instant motion after the lapse of thirty (30) days since the warden's receipt of her request, and she has not fully exhausted her administrative rights. Additionally, defendant's request to be appointed a federal public defender is moot. For these reasons, defendant's motion [Doc. 69] is **DENIED** without prejudice.

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v.*

---

[1] The Court uses "exhaustion requirement" throughout the opinion to refer to § 3582(c)(1)(A)'s instruction that a court may consider a motion by a defendant after the defendant has fully exhausted his administrative rights or after thirty (30) days have passed from the warden's receipt of a request to move on defendant's behalf for a sentence reduction, whichever is earlier.

*Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018 amended § 3582(c)(1)(A) to modify one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on a motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. § 3582(c)(1)(A). If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.*

Defendant requests relief under § 3582(c)(1)(A)(i), arguing that her alleged medical condition (i.e., hypertension, obesity, and a twenty-year history of smoking) and FPC Alderson's being "ill-equipped to properly respond to the COVID-19 pandemic" place her
2

Case 3:11-cr-00077-TAV-HBG   Document 70   Filed 07/14/20   Page 2 of 7   PageID #: 313

at a heightened risk of contracting COVID-19 while incarcerated [Doc. 69 p. 1–2]. But because defendant has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement, the Court may not address the merits of her request.

As the Court noted, the exhaustion requirement in § 3582(c)(1)(A) provides that before the Court may reduce a term of imprisonment pursuant to that section on a motion by a defendant either (a) thirty (30) days must have elapsed since "the receipt of such a request by the warden of defendant's facility" or (b) the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." § 3582(c)(1)(A). Neither has occurred here.

First, defendant did not bring the instant motion after the lapse of thirty (30) days from FCP Alderson's warden's receipt of defendant's request for compassionate release. Although a copy of the alleged request has not been supplied to the Court, defendant claims she submitted a request for compassionate release to the warden of FPC Alderson on May 27, 2020. Defendant's motion is dated the very next day, May 28, 2020, and was filed a mere eight (8) days after the alleged request, on June 4, 2020.[2] Thus, defendant's motion is clearly premature, and the thirty-day prong of the exhaustion requirement is not satisfied. *See United States v. Alam*, No. 20-1298, 2020 WL 2845694, at *1–2, 5 (6th Cir. June 2, 2020) (dismissing without prejudice the defendant's motion for compassionate release

---

[2] Defendant's letter to the Court is dated May 28, 2020, and postmarked June 1, 2020. The letter was entered on the docket in this case on June 4, 2020. The Court notes that all of these dates are well within the thirty-day period following the warden's alleged receipt of the May 27, 2020 request, which lasted until June 26, 2020.

where the defendant had not exhausted under the thirty-day prong because he "waited just 10 days after the warden's receipt of his request . . . , not the required 30 days," before moving for relief in federal court even though thirty (30) days had passed by the time the court considered the motion).

That leaves only the full-exhaustion-of-administrative-rights prong of the exhaustion requirement, which defendant also has not satisfied. In her motion, defendant does not indicate whether she had received a response from the warden—and given the date of her supposed request (May 27) and the date of her letter to the Court (May 28),[3] she likely had not. This alone is enough to conclude that defendant has not fully exhausted her administrative rights, because a denial by the warden is merely the first step in fully exhausting one's administrative rights. Indeed, only a denial by the General Counsel or the Director of the Bureau of Prisons constitutes "a final administrative decision." 28 C.F.R. § 571.63(b)–(c). And because defendant apparently had not yet received a response from the warden, it is implausible that she received a denial from the General Counsel or Director of the Bureau of Prisons before bringing the instant motion. As such, defendant has not fully exhausted her administrative rights.

Thus, it appears defendant has neither "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" nor waited thirty (30) days "from the receipt of such a request by the warden of defendant's facility" before bringing the instant motion. § 3582(c)(1)(A). She therefore has not

---

[3] *See supra*, note 2.

4

Case 3:11-cr-00077-TAV-HBG   Document 70   Filed 07/14/20   Page 4 of 7   PageID #: 315

satisfied the exhaustion requirement, a statutory prerequisite to the Court's consideration of her request for compassionate release. *Id.*; *see Alam*, 2020 WL 2845694, at \*2.

Defendant notes that some district courts have waived § 3582(c)(1)(A)'s exhaustion requirement in the context of the COVID-19 pandemic [Doc. 69 p. 1].  But the Sixth Circuit has recently found that § 3582(c)(1)(A)'s exhaustion requirement is a non-jurisdictional "mandatory condition," which is not amenable to judge-made exceptions. *Alam*, 2020 WL 2845694, at \*2–3 (citing *Ross v. Blake*, 135 S. Ct. 1850, 1857 (2016)); *see also Bolze*, 2020 WL 2521273, at \*4 ("While 'judge-made exhaustion doctrines . . . remain amendable to judge-made exceptions,' 'mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.'" (quoting *Ross*, 135 S. Ct. at 1857)). Accordingly, while there has been disagreement amongst the district courts on this point, the Court finds that it does not have the authority to apply a judge-made exception to § 3582(c)(1)(A)'s exhaustion requirement in the context of the COVID-19 pandemic.

In sum, because defendant has not satisfied the exhaustion requirement, a prerequisite the Court lacks the authority to waive, the Court may not consider the merits of defendant's request for compassionate release pursuant to § 3582(c)(1)(A)(i).

Next, turning to defendant's request that the Court appoint a federal public defender to assist her in her pursuit of compassionate release, the Court notes that the constitutional right to assistance of counsel does not extend to motions for post-conviction relief. *Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052 (6th Cir. Dec. 30, 2016) ("[T]here is no right to counsel in a post-conviction action."). And, no

5

statutory authority establishes that a defendant is entitled to counsel for § 3582(c) proceedings. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (holding that defendant was not entitled to appointment of counsel in his § 3582(c)(2) proceedings and "agree[ing] with the six circuits that have held that there is no right to appointed counsel in sentence modification proceedings under § 3582(c)" (citing *United States v. Young,* 555 F.3d 611, 615 (7th Cir. 2009); *United States v. Olden,* 296 F. App'x. 671, 673 (10th Cir. 2008) (unpublished); *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Townsend,* 98 F.3d 510, 512–13 (9th Cir. 1996); *United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Reddick,* 53 F.3d 462, 465 (2d Cir. 1995); *Evans v. United States,* 46 F.3d 1135, No. 94-2779, 1995 WL 46553 (8th Cir. 1995) (per curiam) (unpublished)); *cf. United States v. Johnson*, Nos. 15-6413/16-5346, 2016 WL 10704239 (6th Cir. Nov. 21, 2016) (declining to decide whether defendant was entitled to relief under § 3582(c)(2) where "independent review of the record reveal[ed] no issues of arguable merit" but noting that "[h]istorically, there has been no such right").

Notwithstanding the above, this Court's Standing Order 19-04 appointed the Federal Defender Services of Eastern Tennessee ("FDSET") to represent, inter alia, defendants who contact FDSET to file a motion for compassionate release on his or her behalf where FDSET determines that the motion would not be frivolous. Thus, in light of Standing Order 19-04's directive, the Court finds defendant's request for counsel moot.

In conclusion, because defendant has not satisfied § 3582(c)(1)(A)'s exhaustion requirement, a mandatory perquisite to the Court's consideration of her request for

6

compassionate release, and because her request to be appointed counsel is moot, defendant's motion [Doc. 69] is **DENIED** without prejudice.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
